# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| WOLVERINES ENTERTAINMENT LLC, | REPORT AND RECOMMENDATION |
| Plaintiff, | |
| v. | Case No. 2:11cv648 |
| LEGACY FUNDING GROUP, LLC; CHRISTOPHER MOORE; and VICTORIA GARY; | District Judge Dale A. Kimball |
| Defendants. | Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Wolverines Entertainment LLC's ("Wolverines") second motion for default judgment as to Christopher Moore ("Mr. Moore").[2] On April 17, 2014, the court held an evidentiary hearing as instructed by Judge Kimball. Wolverines was represented by Alan Ormsby. Mr. Moore failed to appear at the hearing. Wolverines's counsel called David Stevens ("Mr. Stevens"), a principal and the managing member of Wolverines, as a witness and offered various exhibits to the court. After

---

[1] *See* docket no. 29.

[2] *See* docket no. 28.

considering the motion and evidence, the court recommends that Wolverines's motion be granted and default judgment entered against Mr. Moore in the amount requested.

**DISCUSSION**

Wolverines is in the film production business, and Legacy Funding Group, LLC ("Legacy") provides financing for film projects. Mr. Moore is the president and managing partner of Legacy. Wolverines alleges that Legacy and Mr. Moore (collectively, "Defendants") and Wolverines entered into a Loan Agreement, Installment Note, and a Security Agreement ("Agreements"). According to Wolverines, Defendants represented that they had the capacity to provide $11,000,000 in financing for Wolverines's project and required Wolverines to provide "due diligence funding" in the amount of $14,000, as well as closing costs totaling $330,000 (three percent of the $11,000,000 financed). Wolverines filed this complaint for breach of contract, conversion, and fraud when Defendants allegedly failed to meet their obligations under the Agreements.

On January 9, 2013, after Defendants failed to answer the complaint, Judge Kimball ordered the Clerk of Court to enter default certificates against Defendants. On May 15, 2013, Judge Kimball granted Wolverines's motion for default judgment and ordered the Clerk of Court to enter judgment in favor of Wolverines in the amount of $38,626,851.50 plus interest.

On August 5, 2013, Mr. Moore, appearing pro se, filed a motion to set aside default.[3] On November 14, 2013, Judge Kimball set aside the default judgment entered against Mr. Moore,

---

[3] *See* docket no. 23.

but not against Legacy, and he did not vacate the default certificate.[4] In the order setting aside default, Judge Kimball advised Wolverines to file a second motion for default judgment against Mr. Moore and indicated that he would then refer the matter to a magistrate judge with instructions to hold an evidentiary hearing on the amount of damages, if any, to be awarded against Mr. Moore personally. Judge Kimball also cautioned Mr. Moore that if he failed to participate in the proceedings, default judgment would be re-entered against him.

On February 19, 2014, this court issued a notice of hearing for April 17, 2014.[5] Notice of the hearing was mailed to Mr. Moore at the address he provided with his motion to set aside default. As stated above, Mr. Moore failed to appear at the scheduled evidentiary hearing.

Because Mr. Moore had notice of the hearing and of the consequences for failing to appear, this court recommends that Wolverines's motion for default judgment against Mr. Moore be granted. Furthermore, the evidence presented at the hearing demonstrates that Mr. Moore wilfully breached the Agreements and it established the amount of damages Wolverines suffered as a result of that breach.

Additionally, this court finds Mr. Stevens's testimony at the hearing to be highly credible. Mr. Stevens explained in detail how Mr. Moore personally devised an elaborate scheme to defraud Wolverines, and he set forth with particularity the amount of damages Wolverines suffered as a result of Mr. Moore's breach. The exhibits supporting Mr. Stevens's testimony further establish the actual, compensatory, and consequential damages suffered by Wolverines.

---

[4] *See* docket no. 27.

[5] *See* docket no. 31.

## RECOMMENDATION

Accordingly, for the reasons set forth in Wolverine's motion along with the evidence presented at the hearing, this court recommends that Wolverines's motion for default judgment be **GRANTED**. This court further recommends that judgment be entered against Mr. Moore personally in the amount of $38,332,541.50 and that post judgment interest also be awarded at the rate provided in 28 U.S.C. § 1961(a).

Copies of this Report and Recommendation will be sent to Mr. Moore, who is hereby notified of his right to object. *See* 28 U.S.C § 636(b)(1); Fed. R. Civ. P. 72(b). Mr. Moore must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

**IT IS SO ORDERED.**

DATED this 12th day of September, 2014.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge