# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| WOLVERINES ENTERTAINMENT, LLC,<br><br>                Plaintiff,<br>vs.<br><br>LEGACY FUNDING GROUP, LLC; CHRISTOPHER MOORE; and VICTORIA GARY,<br><br>                Defendants. | ORDER ADOPTING REPORT AND RECOMMENDATION<br><br>Case No. 2:11CV648 DAK |

       This matter is before the court on the Report and Recommendation entered by the Magistrate Judge on September 12, 2014.[1] On May 15, 2013, this court had entered Judgment in favor of Plaintiff Wolverines Entertainment, LLC ("Wolverines") and against Legacy Funding Group ("Legacy") and Christopher Moore ("Mr. Moore"), jointly and severally, in the amount of $38,626,851.50, plus interest at the legal rate.[2] ON November 14, 2013, the court granted Mr. Moore's Motion to Set Aside the Default Judgment.[3] The court noted that it would not vacate the Default Certificate entered against Mr. Moore and that the only question remaining would be the amount the damages, if any, to be entered against Mr. Moore personally. The court also emphasized that if Mr. Moore failed to participate in the proceedings, the Judgment would be re-

---

[1] Docket No. 34.

[2] Docket No. 21.

[3] Docket No. 27.

entered against him.[4]

On January 10, 2014, Wolverines filed a Second Motion for Default Judgment,[5] and the court referred this matter to Magistrate Judge Paul M. Warner, pursuant to 28 U.S.C. § 636(b)(1)(B).[6] On April 17, 2014, the Magistrate Judge held an evidentiary hearing. Wolverines was represented by Alan Ormsby. Mr. Moore failed to appear at the hearing.

After considering Wolverines' motion and the evidence offered by Wolverines during the hearing, the Magistrate Judge issued a report, recommending to this court that Wolverines's motion for default judgment be granted and that Judgment be entered against Mr. Moore personally in the amount of $38,332,541.50, with post- judgment interest at the rate provided in 28 U.S.C. § 1961(a).[7]

Under 28 U.S.C. § 636(b)(1)(B), a district court must make *de novo* determinations as to a magistrate judge's recommendations if a party objects to the magistrate's recommendations. *See Phillips v. Beierwaltes*, 466 F.3d 1217, 1222 (10th Cir. 2006). Mr. Moore, however, has not objected to the Report and Recommendation. The court has nevertheless made a *de novo* review of the record. After reviewing the record *de novo*, the court accepts in whole the findings and recommendations made by the Magistrate Judge and therefore adopts the Report and Recommendation in its entirety.

---

[4] *Id*.

[5] Docket No. 28.

[6] Docket No. 29.

[7] Docket No. 34.

**CONCLUSION**

For the foregoing reasons, the court hereby APPROVES and ADOPTS the Magistrate Judge's Report and Recommendation. Accordingly, the Clerk of Court is directed to enter Judgment in favor of Wolverines Entertainment, LLC and against Defendant Christopher Moore in the amount of $38,626,851.50, plus interest thereon at the legal rate pursuant to 28 U.S.C. § 1961(a) from the date of said judgment until paid in full.[8] The Clerk of Court is then directed to close this case.

DATED this 30th day of September, 2014.

BY THE COURT:

*/s/ Dale A. Kimball*

DALE A. KIMBALL
United States District Judge

---

[8] Judgment has already been entered against Legacy Funding Group, LLC. The Judgments against Legacy and Moore shall be joint and several.